IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BASSIROU KA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02375-SHL-atc |
| CHRISTOPHER BULLOCK, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) | |
| Respondent. | ) | |

## ORDER GRANTING PETITION

Before the Court is Petitioner Bassirou Ka's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 3, 2026.  (ECF No. 1.)  Ka challenges his continued detention in the West Tennessee Detention Facility as an "arriving alien" without a bond hearing and seeks immediate release from Respondent's custody.  (Id. at PageID 9–12.)  Respondent responded in opposition on April 15.  (ECF No. 11.)  Ka replied the same day.  (ECF No. 12.)

On May 15, the Court directed Respondent to update his position in light of the Sixth Circuit's recent decision in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026).  (ECF No. 13.)  In response, Respondent seeks to distinguish this case from Lopez-Campos.  (ECF No. 14 at PageID 66.)  According to Respondent, Ka "falls outside the scope of Lopez-Campos" because he "was encountered shortly after illegally entering the United States." (Id.)  In reply, Ka argues that the detention at issue is not that initial encounter with border patrol in 2023, but the recent detention on October 31, 2025, when he was detained indefinitely under the wrong statute in Memphis, Tennessee.  (ECF No. 15 at PageID 76.)

For the reasons stated below, the Petition is **GRANTED**.

**BACKGROUND**

Ka is a citizen of Senegal who entered the United States in early July 2023 through the U.S.-Mexico border. (ECF No. 11 at PageID 36.) Shortly after his entry, U.S. Border Patrol officers arrested him and served him with a Notice to Appear ("NTA") charging him with being unlawfully present in the United States and directing him to appear at immigration proceedings. (Id.) They then released Ka. Since then, he has lived in the U.S. interior, and for over two years has resided in Memphis, Tennessee. (ECF No. 15 at PageID 74.) According to him, he has complied "with every reporting and supervision requirement of" ICE "and the immigration courts." (Id.) He has no criminal record. (ECF No. 1 at PageID 3.) He also has a pending asylum application before the immigration court. (Id.) Nevertheless, on October 31, 2025, he was detained during a traffic stop while driving home from work. (ECF No. 15 at PageID 74.)

**ANALYSIS**

Ka seeks immediate release from Respondent's custody, arguing that his detention under 8 U.S.C. § 1225(b)(2)(A) is "unlawful and void ab initio." (Id. at PageID 77.)

Respondent, while acknowledging that Lopez-Campos, 2026 WL 1283891, "is binding on this Court," contends that it "does not control the outcome of this matter." (ECF No. 14 at PageID 65–66.) His sole argument against applying Lopez-Campos here is that "Petitioner was encountered shortly after illegally entering the United States" (Id. at PageID 66.) As a result, he asserts, Ka has not spent a "significant time" in the United States interior or "resided within" the country "for years." (Id.)

First, Respondent cites no authority for the conclusory assertion that Ka's continuous two-year residence in the United States is not a "significant time . . . within the interior of the United States" under Lopez-Campos. Nor is the Court aware of any such authority. In fact, the

2

Court has granted the petitions of multiple two-year interior residents.  See, e.g., Landeros Quintero v. Bullock, No. 26-CV-02511, 2026 WL 1382323, at *1 (W.D. Tenn. May 18, 2026) (noting that petitioner entered the United States in 2024 and was detained in 2026).  Thus, this argument is unavailing.

Second, Respondent's argument that Ka was first arrested by Border Patrol officers shortly after entry in July 2023 does not change the fact that he was released and has remained an interior resident since then.  Indeed, as Ka clarifies, his 2025 arrest is not a continuation of the 2023 arrest.  Further, even with the NTA that Respondent attaches to his response, he offers no authority that puts at issue the chronology of a petitioner's arrest after a border crossing.

More importantly, however, the question before the Court is not whether Ka was arrested once before by Border Patrol, but the legality of the current detention initiated on October 31, 2025.  And, like the petitioners in Lopez-Campos, Ka was detained indefinitely under 8 U.S.C. § 1225(b)(2)(A) without the possibility of a bond hearing, despite having lived "significant time . . . within the interior of the United States."  Lopez-Campos, 2026 WL 1283891, at *13.  Thus, Respondent's argument fails.

In the alternative, Respondent "maintains that the Court should require Petitioner to exhaust his administrative remedies."  (ECF No. 14 at PageID 67 n.1 (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy, 503 U.S. at 144 (explaining that where a statute is silent as to

3

exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Finally, Respondent contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, if the Court does not first require exhaustion, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 14 at PageID 66–67 (footnote omitted).) However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## **CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 21st day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE